UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X

CHARLES MCCLINTON,

                         Plaintiffs,                           13-CV-2375 (KMW) (DCF)

                                                                    <u>OPINION & ORDER</u>

     -against-

SUPERINTENDENT WILLIAM J.
CONNOLLY, et al.,

                          Defendants.

----------------------------------------------------X

WOOD, U.S.D.J.:

      On March 31, 2013, Plaintiff Charles McClinton, proceeding *pro se*, brought the above captioned suit against defendants Superintendent William Connolly, Sergeant Joseph Wassweiler, Officer A. Smith, and Officer J. Lynch (collectively, the "Defendants"), pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his rights under the Eighth Amendment to the U.S. Constitution by acting with deliberate indifference to a serious medical need. Superintendent Connolly, Sergeant Wassweiler, and Officer Smith (the "Moving Defendants") have moved to dismiss for failure to exhaust administrative remedies before bringing suit, failure to state a claim upon which relief can be granted, and failure to allege any personal involvement by Superintendent Connolly.

      For the reasons that follow, the Court GRANTS the motion to dismiss.[1]

---

[1] Defendant J. Lynch has not moved for dismissal because he has not been served and therefore is not currently represented by the New York State Attorney General's office. *See* Def's Memo. of Law in Support [Dkt. No. 33] at 1 n.1. Because the Court dismisses Plaintiff's suit in totality, Plaintiff's suit is also dismissed against Officer Lynch.

## I.      BACKGROUND[2]

Plaintiff's First Amended Complaint ("Complaint") alleges that on March 28, 2013, Plaintiff reported to his work detail where Officer Smith told him to sweep and mop a set of stairs in a nearby housing unit.  (Compl. [Dkt. No. 28] ¶ 19).  Plaintiff explained to Smith that he could not perform the work because of his asthma condition.  (*Id.* ¶ 20).  Plaintiff nonetheless swept and mopped the stairs.  (*Id.* ¶ 21).

After returning from his work detail, Plaintiff was told by Officer Lynch that he had not sufficiently cleaned his assigned area, and that he must go back and clean it properly.  (*Id.* ¶ 22). Plaintiff responded that he was having trouble breathing and that he needed his inhaler.  (*Id.* ¶ 23).  Officers Lynch and Smith then placed Plaintiff against the wall, frisked him, and asserted that Plaintiff was faking an asthma attack.  (*Id.* ¶ 24).  Thereafter, Officers Lynch and Smith called Sergeant Wassweiler, who took Plaintiff to the Special Housing Unit ("S.H.U."), despite Plaintiff informing Sergeant Wassweiler that he needed his inhaler.  (*Id.* ¶¶ 24–26).  After being confined in the S.H.U. for an unspecified period of time, Plaintiff was provided his inhaler.  (*Id.* ¶¶ 26–27).  Plaintiff has not stated that he suffered any temporary or permanent harm from being denied his inhaler, other than the troubled breathing he suffered prior to receiving his inhaler.

Based on these events, Plaintiff submitted two grievances to the Inmate Grievance Resolution Committee ("IGRC").  Plaintiff alleges that he submitted these grievances on March 28, 2013.  (*Id.* ¶ 28).  One of the grievances—which is actually dated April 8, 2013—complained that Plaintiff was placed in the S.H.U. on March 28, 2013, as retaliation for having submitted a separate, unrelated grievance on March 27, 2013.  *See* (Albanese Decl., Ex. B [Dkt. No. 34-2] at

---

[2] The factual allegations that follow are accepted as true for the purposes of the Defendants' motion to dismiss.  *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

1);[3] (Compl. ¶ 28). At no point does this grievance discuss inadequate medical treatment. The other grievance—which, according to Plaintiff, the Inmate Grievance Coordinator refused to file upon receipt—asserted Plaintiff's claim of inadequate medical treatment based on the withholding of his inhaler. *See* (Compl. ¶¶ 28, 30). There is no record of Plaintiff having submitted this second grievance on or after March 28, 2013. *See* (Bellamy Decl. [Dkt. No. 35] at 1–2); (Bellamy Decl., Ex. A [Dkt. No. 35-1] at 1).

Plaintiff seeks $500,000 in damages based on the "irreparable injury" he suffered as a result of the delay in treating his asthma. (*Id.* ¶ 42).

## II. DISCUSSION

### a. Motion to Dismiss

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a plaintiff must have pleaded sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570. Although a *pro se* complaint is to be construed liberally—especially when it alleges civil rights violations, *see Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004)—it too must state a plausible claim for relief, *see Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

---

[3] In deciding a motion to dismiss, the Court may consider documents attached to the complaint, incorporated by reference into the complaint, or known to and relied on by the plaintiff in bringing the suit. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Therefore, it is appropriate for the Court to consider the information contained within the grievances Plaintiff specifically references in his complaint, as well as prison records that indicate the existence, or lack thereof, of filed grievances.

In deciding a motion under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations in the complaint, and "draw[ ] all inferences in the plaintiff's favor."  *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006) (internal quotations omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

### b.  Exhaustion of Administrative Remedies

#### i.  Legal Standard

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner who brings an action "with respect to prison conditions under section 1983" must exhaust all available administrative remedies prior to bringing suit in federal court.  42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 525 (2002).  "[C]ompleting the exhaustion requirements only after filing suit is insufficient."  *Burgos v. Craig*, 307 F. App'x 469, 470 (2d Cir. 2008).

To properly exhaust a claim, a prisoner must comply with the administrative procedures required by the state.  *See Jones v. Bock*, 549 U.S. 199, 218 (2007).  In New York, prisoners must exhaust all levels of a three-tiered grievance procedure.  *Kasiem v. Switz*, 756 F. Supp. 2d 570, 575 (S.D.N.Y. 2010) (Holwell, J.).  First, a prisoner must file a grievance with the IGRC. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(a)–(b).  Second, the prisoner must appeal an adverse decision to the facility superintendent.  *See id.* § 701.5(c).  And third, the prisoner must appeal the superintendent's decision to the Central Office Review Committee ("CORC").  *See id.* § 701.5(d).

However, "exhaustion under the PLRA is not jurisdictional . . . ."  *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004).  In *Hemphill v. New York*, the Second Circuit developed three

4

exceptions to the exhaustion requirement, which consider: (1) "whether administrative remedies were in fact available to the prisoner," (2) "whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense," and (3) "whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." 380 F.3d at 686 (internal citations omitted).[4] The instant case concerns only the second exception.

ii. <u>Plaintiff's Failure to Exhaust All Administrative Remedies Requires Further Factual Inquiry</u>

By filing suit only three days after allegedly submitting his grievance, Plaintiff failed to exhaust his administrative remedies, as required by the PLRA. Plaintiff claims to have submitted the relevant grievance on March 28, 2013, and filed the instant suit on March 31, 2013. Three days could not have provided Plaintiff with enough time to comply with every step of New York's three-tiered grievance process. *See, e.g.*, N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(b)(1) (providing the IRGC up to sixteen days after a grievance is filed to informally resolve it before a formal hearing is held); *id.* § 701.5(C)(3) (allowing the superintendent twenty days to decide an appeal); *id.* § 701.5(d)(2)(i) ("The CORC shall . . . render a decision on the

---

[4] Courts in this Circuit have debated whether these three exceptions survive the Supreme Court's decision in *Woodford v. Ngo*, 548 U.S. 81, 91 (2006) (holding that the PLRA requires "proper exhaustion" of administrative remedies in "compliance with an agency's deadlines and other critical procedural rules"). *See Toomer v. County of Nassau*, No. 07–CV–01495, 2009 WL 1269946, at *7 n.8 (E.D.N.Y. May 5, 2009) (collecting cases). As Judge Sullivan recently discussed in *Bolton v. City of New York*, "the Second Circuit has noted [in *Amador v. Andrews*], without holding, that the second and third prongs of the *Hemphill* analysis—estoppel and special circumstances— may no longer be applicable. Nevertheless, the Second Circuit conducted a *Hemphill* analysis in *Amador* itself, and district courts in this Circuit have continued to apply the *Hemphill* framework following *Woodford* and *Amador*." *Bolton v. City of New York*, No. 13-CV-5749, 2014 WL 4446452, at *4 n.9 (S.D.N.Y. Sept. 9, 2014) (Sullivan, J.) (citing *Amador v. Andrews*, 655 F.3d 89, 102 (2d Cir. 2011) ("We have questioned whether, in light of *Woodford*, the doctrines of estoppel and special circumstances survived."); *Powell v. Corr. Med. Care, Inc.*, No. 13–CV–6842, 2014 WL 4229980, at *2 n.3 (S.D.N.Y. Aug. 15, 2014) (Pauley, J.) (collecting cases)). Until the Second Circuit instructs otherwise, the Court will continue to consider the three *Hemphill* exhaustion exceptions.

grievance . . . within 30 calendar days from the time the appeal was received."); *see also Manos v. Decker*, No. 03-CV-2370, 2005 WL 545215, at *4 (S.D.N.Y. Mar. 7, 2005) (Castel, J.) ("If the schedule set forth in [New York's three-tiered scheme] is strictly observed, CORC will decide an inmate's appeal 47 days after the grievance was filed.").

However, Plaintiff claims that the "Inmate Grievance Coordinator refused to file [his] grievance of improper medical care . . . ." (Compl. ¶ 30). Assuming that Plaintiff's allegation is true—as the Court must at this stage of the litigation—Defendants might be estopped from asserting a non-exhaustion defense pursuant to the second *Hemphill* exception. *See Rivera v. Pataki*, No. 04-CV-1286, 2005 WL 407710, *10–11 (S.D.N.Y. Feb. 7, 2005) (Mukasey, J.) (citing *Hemphill*, 380 F.3d at 688–89) (holding that defendants were estopped from asserting their non-exhaustion defense because defendants refused to allow plaintiff to file his grievance).

It is not possible to tell from the Complaint whether Plaintiff's attempt to file a grievance was sufficient to warrant estoppel in this case. The fact that Plaintiff filed this lawsuit only three days after he was unable to submit a grievance suggests that Plaintiff did not explore adequately all the different ways a grievance might be submitted. *Contrast Kendall v. Kittles*, No. 03-CV-628, 2003 WL 22127135, at *3 (S.D.N.Y. Sept. 15, 2003) (Lynch, J.) (listing the various attempts plaintiff made to submit his grievance after prison officials initially prevented him from doing so, including "attempt[ing] to arrange a grievance hearing before the [IRGC]," "wr[iting] a letter requesting a hearing," and "wr[iting] a second letter to the 'Board of Corrections'").

Nonetheless, it is possible that prison officials blocked Plaintiff from filing his grievance in such a way that Plaintiff immediately understood that his only avenue of redress was a lawsuit in Federal Court. Determining whether this was actually the case is an issue of fact that goes beyond the information pleaded in the Complaint; it must be addressed at the summary judgment

stage. *See Ziemba*, 366 F.3d at 164; *see also Young-Flynn v. Wright*, No. 05-CV-1488, 2007 WL 241332, at \*13 (S.D.N.Y. Jan. 26, 2007) (Kaplan, J.) ("Although this Court has some doubt that Plaintiff's only described efforts toward exhaustion could ultimately be found sufficient to overcome the exhaustion requirement, the Court also notes that the record is not well developed at this juncture. Absent a discovery record, it is difficult for the Court to ascertain exactly what Plaintiff requested of the identified officers and the degree to which the officers may have deterred him from pursuing the grievance process."). Accordingly, the Court holds that Plaintiff's failure to exhaust all administrative remedies does not provide adequate grounds for dismissal.

### c. Adequate Medical Care Under the Eighth Amendment

The *Hemphill* exhaustion exception, however, is not enough to save Plaintiff's suit. Plaintiff has not pleaded the facts necessary to state a claim under the Eighth Amendment for inadequate medical care and therefore Plaintiff's suit must be dismissed.

#### i. Legal Standard

"The Cruel and Unusual Punishments Clause of the Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832, 844 (1994)). However, a prison official violates the Eight Amendment only when two conditions are satisfied. First, the lack of adequate medical care must be "sufficiently serious." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Second, the prison official must act with a "sufficiently culpable state of mind." *Id.* (internal quotation marks omitted).

Serious Deprivation of Adequate Medical Care. To meet this first condition, a plaintiff must make two showings. First he must prove that he was actually deprived of adequate medical

care. *Salahuddin*, 467 F.3d at 279. If the prison official in question acted reasonably in response to a prisoner's health risk, the plaintiff was not actually deprived of adequate medical care. *See Farmer*, 511 U.S. at 844; *Salahuddin*, 467 F.3d at 279–80. Second, a plaintiff must show that the inadequate medical care was sufficiently serious. *Salahuddin*, 467 F.3d at 280. This requires demonstrating the harm the plaintiff has suffered or is likely to suffer as a result of the inadequate medical care. *Id.* "More than minor discomfort or injury is required" for a plaintiff to meet the necessary level of harm. *Patterson v. Lilley*, No. 02-CV-6056 NRB, 2003 WL 21507345, at *4 (S.D.N.Y. June 30, 2003) (Buchwald, J.). "Factors relevant to the seriousness of a medical condition include whether 'a reasonable doctor or patient would find [it] important and worthy of comment,' whether the condition 'significantly affects an individual's daily activities,' and whether it causes 'chronic and substantial pain.'" *Salahuddin*, 467 F.3d at 280 (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

Culpable State of Mind. To meet this second condition, a plaintiff need not establish that the prison official acted with knowledge or purpose. *Id.* "[I]t suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health. . . . This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Id.*

ii. Plaintiff Has Not Stated an Eighth Amendment Claim for Inadequate Medical Care

Plaintiff has failed to state an Eighth Amendment claim based on inadequate medical care. He has not shown that prison officials caused him to suffer "sufficiently serious" harm, or that any official involved possessed a sufficiently culpable state of mind.

Harm Suffered. The only harm Plaintiff mentions in the Complaint is the troubled breathing he suffered after mopping and sweeping a set of stairs. (Compl. ¶¶ 19–23, 27).

8

Plaintiff does not plead facts that suggest that his troubled breathing was anything other than fleeting, nor does Plaintiff state that he suffered any pain—whether temporary or chronic—as a result.[5]  This harm does not rise to a "sufficiently serious" level.  The deprivation of an inhaler for an unspecified amount of time, without more, does not constitute an Eighth Amendment violation.  *See, e.g.*, *Hudson v. Heath*, No. 12-CV-1655, 2013 WL 4736381, at *4, *7 (N.D.N.Y. Sept. 3, 2013) (dismissing plaintiff's claim after prison officials denied plaintiff his asthma medication and plaintiff suffered an "acute asthma attack," stating that "apart from his description of the asthma attack itself, Plaintiff does not claim to have suffered any significant or lasting harm as a result of the attack"); *see also Fulmore v. Mamis*, No. 00-CV-2831, 2001 WL 417119, at *9 n.26 (S.D.N.Y. Apr. 23, 2001) (Peck, Mag. J.) (listing cases dismissing claims or granting summary judgment against plaintiffs who complained of being denied asthma medication).  *Contrast Kearsey v. Williams*, No. 99-CV-8646 DAB, 2005 WL 2125874, at *4 (S.D.N.Y. Sept. 1, 2005) (Batts, J.) (finding plaintiff stated a claim under the Eighth Amendment where plaintiff made three separate requests for his inhaler, and complained he was "unable to breathe," and that he was "experiencing chest pains," and where plaintiff "resorted to self-medication, by borrowing an asthma pump from a fellow inmate in order to alleviate his condition").

Culpable State of Mind.  At no point does Plaintiff plead facts from which the Court can infer that Defendants "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result."  *Salahuddin*, 467 F.3d at 280.  Plaintiff asserts that he informed Officers Lynch and Smith that he needed his inhaler because he was having trouble breathing,

---

[5] Plaintiff does aver that he was "irreparably injured by the conduct of the defendants," (Compl. ¶ 39), but this is precisely the kind of conclusory statement that is "not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679.

but makes no allegations suggesting that either officer was aware that Plaintiff could be at risk of serious harm.  As discussed above, troubled breathing, without more, does not constitute serious harm.  For that reason, the fact that Officers Lynch and Smith were aware that Plaintiff was having some trouble breathing is insufficient by itself to constitute the "deliberate indifference to inmate health" that Plaintiff must plead to state an Eighth Amendment claim.  *See Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 292 (S.D.N.Y. 2001) (Schwartz, J.) (holding that defendant's denial of plaintiffs request for her asthma medication "at most amounts to mere negligence").  Moreover, according to Plaintiff, Officers Lynch and Smith stated that they believed Plaintiff "was faking an asthma attack . . . ."  (Compl. ¶ 24).  If the officers believed Plaintiff's asthma attack was a mere ruse, they could not have been aware of a substantial risk that Plaintiff would suffer serious harm.

Therefore, Plaintiff's complaint fails to state a claim under the Eighth Amendment for inadequate medical care.[6]

---

[6] Because the Court dismisses the Complaint as to all defendants, it need not address the Moving Defendants' argument that Plaintiff failed to allege the personal involvement of Superintendent Connolly.

### III.     CONCLUSION

For the reasons stated herein, the Court GRANTS without prejudice Defendant's motion to dismiss Plaintiff's Complaint.  The Clerk of Court is directed to close this case.  Any pending motions are moot.


SO ORDERED.

DATED:       New York, New York
             October 8, 2014


_____
                /s/
             KIMBA M. WOOD
         United States District Judge